UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYCE WHITE,<br><br>        Plaintiff,<br><br>   v.<br><br>J. DOERER,<br><br>        Defendant. | Case No.  1:24-cv-01186-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. 7)<br><br>**14-DAY DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Plaintiff Kayce White is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

**Relevant Procedural Background**

Plaintiff filed his complaint with this Court on November 18, 2024. (Doc. 4). A brief review of the complaint reveals the incident giving rise to Plaintiff's claims occurred on August 9, 2024. (*Id.* at 4). In his complaint, Plaintiff indicates that there are not any administrative remedies (grievance procedures or administrative appeals) available where he is incarcerated. (*Id.*). Plaintiff indicates that he "was denied access to administrative remedies and cut off from the world for over 60 days." (*Id.*). Specifically, Plaintiff provides that the "Unit Team . . . were responsible to make Administrative Remedy Forms (to include Federal Tort Claim Act forms) available to the Plaintiff[, and that he] had no way to approach the Unit Team members to request

1

administrative remedy forms." (*Id.*). Plaintiff states he requested informal resolution of issues and administrative remedy forms but the unit team members in question "did not provide any access to [the forms] during this time period"—when "USP Atwater was locked down from on or about [August 9, 2024 to October 9, 2024]." (*Id.*). Though Plaintiff indicates that "[t]he complete [and] utter denial of access [to] any form of recourse for 2 months makes this complaint ripe for court intervention[,]" (*Id.*), Plaintiff does not state whether he exhausted or attempted to exhaust his remedies between the end date of the lockdown (*e.g.*, October 9, 2024) to November 19, 2024, the date he signed his complaint.

Because the undersigned determined it appears clear on the face of the complaint that Plaintiff has failed to exhaust administrative remedies prior to filing suit as required under the Prison Litigation Reform Act ("PLRA"), on November 21, 2024, the Court issued the Order to Show Cause ("OSC") ordering Plaintiff "**within 21 days** of the date of service of this order, to show cause in writing why this action should not be dismissed for his failure to exhaust administrative remedies." (Doc. 7 at 4) (emphasis original). Plaintiff was forewarned that "**[f]ailure to comply with this order will result in a recommendation that this action be dismissed**." (*Id.*) (emphasis original). Plaintiff failed to file a response to the Court's show cause order and the deadline for his filing has passed.

**Exhaustion Requirements**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal

1 court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  In California, state-inmate grievances are subject to two levels of review.  *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1).  Prisoners must generally receive a disposition from the second level of review before administrative remedies are deemed exhausted.  *See id.* §§ 3483(m)(1), 3486(m), 3999.226(h); *but see id.* § 3483(m)(2).

In general, failure to exhaust is an affirmative defense that the defendant must plead and prove.  *Jones*, 549 U.S. at 204, 216.  However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

**Discussion**

Here, it appears clear on the face of his complaint that Plaintiff has failed to exhaust administrative remedies prior to filing suit.  Plaintiff appears to suggest he should be relieved of the requirement to exhaust administrative remedies because, during the 60-day lockdown, he was unable to access grievance forms.   However, Plaintiff advances no allegations to suggest this was anything other than a temporary unavailability.  Plaintiff does not demonstrate whether any efforts by him to exhaust administrative remedies *after* the lockdown ended where thwarted.  Thus, he has not complied with the requirement to exhaust administrative remedies.  *See, e.g., Talley v. Clark*, 111 F.4th 255, 264 (3d Cir. 2024) ("It is true that administrative remedies were temporarily 'unavailable' while Talley was on suicide watch without access to writing materials, but that does not excuse his failure to request an extension once he was released and able to complete the necessary forms."); *Smith v. Hendrick*, No. 1:21-cv-1704, 2024 WL 4244831, at *7 (M.D. Pa. Sept. 29, 2024) ("Smith was purportedly denied access to grievance forms during the approximately three-month period that he was housed in the RHU, but he did not request an extension of time to file a grievance once he was removed from the RHU. Smith's failure to request an extension of time once the impediment to filing a grievance was removed constitutes a failure to exhaust administrative remedies.") (citing *Talley*, 111 F.4th at 264); *Roman v. Knowles*, No. 07cv1343-JLS (POR), 2011 WL 3741012, at *7 (S.D. Cal. June 20, 2011) ("Plaintiff does not plead facts sufficient to establish an intentional and systematic obstruction to administrative remedies that, on its own, would render those remedies unavailable, and excuse his inability to

exhaust them. Plaintiff's pleadings themselves contain facts sufficient to establish that these remedies were only temporarily unavailable and thus exhaustion should not be excused."); *Dean v. Prison Health Services*, No. 10-14135, 2011 WL 1630114, at *8 (E.D. Mich. Mar. 28, 2011) ("The mere fact that forms were temporarily unavailable to Plaintiff is insufficient to establish exhaustion") (citing cases).

Accordingly, because Plaintiff has failed to exhaust administrative remedies prior to filing suit in compliance with the Prison Litigation Reform Act, and otherwise comply with this Court's orders in responding to the show cause order, the undersigned will recommend dismissal of this action without prejudice to Plaintiff's re-filing once his claims are exhausted. *Baca*, 747 F.3d at 1166; *see* 42 U.S.C. § 1997e(a); E.D. Cal. Local Rule 110.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Recommendation**

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to this case.

For the reasons given above, IT IS RECOMMENDED as follows:

1. The Court DISMISS this action without prejudice based on Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act as is clear on the face of his complaint and failure to respond to the show cause order.

2. The Clerk of the Court is DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. **Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge** when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 20, 2024**                           _____
                                                          UNITED STATES MAGISTRATE JUDGE